UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YARBE SIDI SALEM,                                                    Petitioner,

v.                                                    Civil Action No. 3:26-cv-388-DJH

JEFF TINDALL, Jailer, Oldham County
Detention Center et al.,                                             Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Pro se petitioner Yarbe Sidi Salem, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 7; D.N. 9). After careful consideration, the Court will grant Salem's petition for the reasons explained below.

**I.**

Salem is a native of Mauritania.  (D.N. 7-1, PageID.22)  He entered the United States on December 22, 2023, and was detained by immigration authorities.  (*See id.*, PageID.23; D.N. 7-2, PageID.25)  Salem was placed in removal proceedings via a Notice to Appear dated December 24, 2023, which designated him as "an alien present in the United States who has not been admitted." (D.N. 7-2, PageID.25)  Salem was released on an order of recognizance due to a lack of bed space at the immigration facility.[1]  (*See* D.N. 7-1, PageID.23)  On May 1, 2026, Louisville Metro Police

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole."  *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025

Department authorities arrested Salem for speeding, "operating [a] motor vehicle under the influence of alcohol," and possessing an "open alcohol beverage container in a motor vehicle." (*Id.*, PageID.24)  On May 2, 2026, an administrative arrest warrant was issued.  (*See* D.N. 7-3, PageID.28)   Federal immigration authorities then took Salem into custody pursuant to an immigration detainer.   (*See* D.N. 7-1, PageID.23)   On May 2, 2026, Salem's release on recognizance was revoked.  (*See* D.N. 7-4, PageID.29)  He remains detained at the Oldham County Detention Center in La Grange, Kentucky.  (*See* D.N. 1, PageID.1; D.N. 7, PageID.18)

Salem seeks a writ of habeas corpus against Oldham County Jailer Jeff Tindall, Department of Homeland Security Secretary Markwayne Mullin, Acting U.S. Attorney General Todd Blanche, and the Chicago U.S. Immigration and Customs Enforcement Field Office Director.  (*See* D.N. 1, PageID.1)  Salem alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.  (*See id.*, PageID.6)  Salem asks the Court to order his immediate release or a bond hearing.  (*See id.*, PageID.7)  Respondents state that they "have determined that the United States Court of Appeals for the Sixth Circuit's recent decision in" *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), "controls the outcome of this matter" and that Salem is detained under § 1226(a) as a result.  (D.N. 7, PageID.17)  Respondents argue that Salem should receive a bond hearing before an immigration judge rather than be released.[2]  (*See id.*, PageID.19–20)

---

WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[2] Respondents do not contest that the Court has jurisdiction to review Salem's petition (*see generally* D.N. 7).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Salem must exhaust administrative remedies.  (*See generally* D.N. 7) Therefore, the Court will not address these issues.

## II.

In *Lopez-Campos*, the Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). 175 F.4th at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–24. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, Salem is an applicant for admission because he is a noncitizen "present in the United States who has not been admitted," § 1225(a)(1). (*See* D.N. 7-2, PageID.25) But Salem is not "seeking admission" under § 1225(b)(2)(A) because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after entering without inspection (*see* D.N. 7-1, PageID.23–24). *Lopez-Campos*, 175 F.4th at 729. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Salem's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Salem is thus entitled to a bond hearing. *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

Because Salem has not received a bond hearing (*see generally* D.N. 1; D.N. 7), the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026). In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment. 175 F.4th at 734. But the Sixth Circuit did not require a particular remedy for that violation. *See id.* at 732–34. "Habeas has traditionally been a means to secure release from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others addressing the same legal issue have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025) (ordering petitioner's release and that respondents not re-detain petitioner "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with these decisions, the Court concludes that Salem's detention without a bond hearing violates due process and will order his immediate release.

4

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Salem's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**.  Respondents are **DIRECTED** to immediately release Salem, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **June 22, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

June 18, 2026

**David J. Hale, Chief Judge**
**United States District Court**